**Dock MERRELL, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 25466.**

United States Court of Appeals
Fifth Circuit.

July 5, 1968.

Fred H. Hodges, Jr., Harvey N. Pearce, Macon, Ga., for appellant.

Alan S. Rosenthal, Daniel Joseph, Attys., Dept. of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., Floyd M. Buford, U. S. Atty., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

THORNBERRY, Circuit Judge:

In 1965 Dock Merrell, an illiterate Negro from Wilkinson County, Georgia, applied for Social Security old-age benefits. The District Office of the Social Security Administration disallowed his claim on the ground that he was born on December 30, 1904 and therefore had not reached the required age of sixty-two. Appellant then pursued his administrative remedies and won a determination from a hearing examiner that he was born on December 30, 1901. Insisting that he was born on December 30, 1900, he took his case to the Appeals Council. That body rendered a final decision that the earlier determination of December 30, 1904 was correct. Having exhausted administrative remedies, Merrell appealed to the district court, which entered a summary judgment for the Secretary.

■■ We are mindful that appellate review in this case is limited so that our only function is to inquire whether substantial evidence supports the administrative decision. Nevertheless, we are persuaded that the evidence to support December 30, 1904 as the correct date of birth is not such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Braaksma v. Celebrezze, S.D.Calif.1965, 246 F.Supp. 767. The *only* evidence to support this conclusion is a 1910 United States Census Report indicating that a family named "Morel" in Wilkinson County had a five-year old child named Dock. On the other hand, insurance policies, an application for a Social Security number, a request for a change in Social Security records, oral testimony given by appellant and Mr. L. C. Curtis, a pastor's certification of appellant's baptism, the birth certificate of one of his children, a delayed birth cer-

tificate issued by the State of Georgia, and a 1940 Census Report indicate that Dock Merrell was born in 1900 or 1901. Also, Mr. T. Y. McBride signed an affidavit certifying that the Merrells were living on the McBride farm at the time of appellant's birth and that he was born on December 30, 1900.[1] Considering all the evidence, we think it was simply not reasonable for the Secretary to accept the 1910 Census as true and reject everything else.

The reasons given by the Appeals Council for relying exclusively on the 1910 Census were that it was nearest in time to appellant's birth and that all other evidence, with the possible exception of McBride's affidavit, was based on appellant's memory. With respect to the second reason, the Secretary does not argue that Merrell lied about his age, for the evidence demonstrates he always believed he was born on December 30, 1900, but rather that because of ignorance he just did not know when he was born. We are unable to accept as an immutable truth that a man who has never learned to read or write cannot be expected to remember his age; on the contrary, we believe that until his memory is blurred by age, even an illiterate man's honest recollection is good evidence of his date of birth. To test appellee's proposition, we ask, is it likely that in 1933 Dock Merrell was only twenty-eight though he indicated on his child's birth certificate that he was thirty-two? We think not. While there is some variance in the evidence as between 1900 and 1901, it is obvious that all through the years appellant believed himself to be four years older than the Secretary now says he actually is. Thus, when he thought he was eleven, he was actually seven, when he thought he was fifteen, he was actually eleven, and so on. Not only do we reject this idea that an illiterate man has no memory of where he stands in time and space, but we are impressed with some of the documentary evidence indicating a birth date earlier than 1904. In particular, we are impressed with the delayed birth certificate[2] because the supporting documentary evidence must have been found satisfactory by the state officials who issued it.

The affirmative reason advanced by the Secretary for relying on the 1910 Census is also questionable.[3] Though it is nearest in time to appellant's birth, the mind can conceive possibilities of error. If the report is so accurate, one wonders why it refers to the "Morels" rather than the Merrells. One possibility is that the census-taker did in fact interview a family named Morel; another is that he did not gather his information from the Merrells themselves but from some unknown source. Assuming he did interview the Merrells, it is still possible there was a failure in communication: In giving his children's names and ages, the parent might have

---

1. Evidence that October 30, 1900 was appellant's date of birth is as follows:
   (a) Insurance policy.
   (b) Request for change in Social Security records submitted prior to application for old-age benefits.
   Evidence that December 30, 1900 was the correct date of birth:
   (a) Oral testimony given by appellant and Mr. L. C. Curtis.
   (b) Delayed birth certificate issued by State of Georgia and supported by pastor's certification of baptism and birth certificate of one of appellant's children.
   (c) Affidavit of T. Y. McBride.
   Evidence that December 30, 1901 was the correct date:

   (a) Application for Social Security number.
   (b) 1940 United States Census Report showing appellant's age as thirty-eight at that time.
   (c) 1956 insurance policy showing appellant's age on next birthday as fifty-five.

2. This is the only kind of birth certificate obtainable by a man born in Georgia before 1919.

3. We do not reach appellant's allegation that the 1910 Census was inadmissible as evidence against him.

given Dock's age as five by inadvertence, or the census-taker might have misunderstood the age given for Dock. While we would not ordinarily go behind an old document of this kind to suggest possibilities of error, we do so here because the Secretary has taken the same approach to the baptismal record, the child's birth certificate, the delayed birth certificate, and other evidence.

The Social Security Regulations (42 U.S.C. Regulations [20 C.F.R.] § 404.703) provide that when there is some doubt about an applicant's age, he must present supporting evidence. In the evaluation of each item of evidence, consideration is to be given to its probative value *and to its position in the following enumeration:*

(1) Public record of birth;

(2) Church record of birth or baptism;

(3) Census bureau notification of registration of birth.

[Others not necessary to consider here.]

In this case, the Secretary disregarded evidence in the first two categories plus information from the 1940 Census and accorded conclusive weight to the 1910 Census Report. As we do not believe there was a sound basis for totally disregarding the public record of birth and the baptismal record and as we are not convinced the 1910 Census is completely without possibility of error, we conclude that the Secretary should have adhered to the enumeration provided by his regulations.

Being of the view that this is not the kind of case said to be peculiarly within the administrative expertise, we have examined the record rather closely. We hold that the decision as to Dock Merrell's correct date of birth—December 30, 1904—is not supported by substantial evidence. On remand, the Secretary must determine which of the possible dates in 1900 or 1901 is correct.

Reversed and remanded.