James T. **BLANKS**, Plaintiff-Appellant,

v.

Elliott **RICHARDSON**, Secretary of Health, Education & Welfare, Defendant-Appellee.

No. 29630.

United States Court of Appeals, Fifth Circuit.

March 25, 1971.

Charles Tyler Clark, Gary P. Smith, Johnston & Shores, Birmingham, Ala., Hawkins, Rhea & Keener, Gadsden, Ala., for plaintiff-appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Wayman G. Sherrer, U. S. Atty., Kathryn H. Baldwin, Judith S. Seplowitz, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BELL, DYER and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This is an action by claimant James T. Blanks under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare denying him old age insurance benefits on the ground that he had failed to establish that he had reached 62 years of age, the minimum age for entitlement to such benefits. See § 202(a) of the Social Security Act, as amended, 42 U.S.C. § 402(a). The District Court, finding that the administrative decision was supported by substantial evidence, granted the Secretary's motion for summary judgment. We reverse.

The Social Security Act itself requires that we give conclusive weight to the Secretary's findings of fact, if they are supported by substantial evidence. 42 U.S.C. § 405(g). Reviewing courts are not required, however, to stand aside and give rubber-stamp approval to administrative decisions which frustrate the congressional policy underlying a statute. NLRB v. Brown, 380 U.S. 278, 291, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965). Rather, our function is to review the entire body of evidence, including that which is opposed to the Secretary's view. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951). This is particularly true in cases such as this one, where the question before the Secretary is not one requiring the application of administrative expertise. In such cases we are called upon to examine the record closely. Merrell v. Gardner, 397 F.2d 65 (5th Cir. 1968), followed in Sadler v. Finch, 1A CCH Unemp.Ins.Rep. par. 15,725 (E.D.Ark., Feb. 27, 1970).

Blanks claimed that he was born on November 25, 1905. The trial examiner

made a factual finding that his correct birthdate was November 25, 1907.

The evidence before the trial examiner may be summarized as follows:

| Document | Date Recorded | Indicated Age and/or Date of Birth |
|---|---|---|
| Marshall County, Alabama School Census Record | 1916 | Age 8, November 5, 1907 |
| U. S. Census Record DeKalb County | January 1, 1920 | Eleven years |
| Family Bible Record | May 25, 1920 | November 25, 1905 |
| Birth Certificate of Child of Appellant | August 30, 1927 (Showing age 21 for father) | 1905 |
| Application for Social Security Account | November 12, 1937 | November 25, 1904 |
| Insurance Policy | August 17, 1942 (Age 37 next birthday) | 1905 |
| Insurance Policy | September 14, 1953 (Age 48 next birthday) | 1905 |
| Delayed Birth Certificate | October 4, 1965 | November 25, 1905 |
| Application for Retirement Insurance Benefits | September 6, 1967 | November 25, 1905 |
| Statement of Appellant's Older Brother born August 1, 1896 | 1967 | November 25, 1905 |
| Statement of George L. Logan, a non-relative Born April 5, 1878 | 1967 | November 25, 1905 |
| Statement of Appellant's Sister, Annie Mae Blanks Pritchett, born July 24, 1903 | 1967 | November 25, 1905 |
| Statement of Appellant's Younger Brother, Jodie Allen Blanks, born July 4, 1907 | November 15, 1967 | November 25, 1905 |

In concluding that Blanks was born in 1907, the trial examiner relied exclusively on the Marshall County School Census Record of 1916, since it was the oldest piece of documentary evidence before him. It is apparent at a glance, however, that this document is a questionable indicator of appellant's age, since it shows his birthdate as November 5 instead of November 25. Even the trial examiner agreed with Blanks that his birthdate was November 25, and he so found. Thus, the school census record was inaccurate on its face, and it was unreasonable for the trial examiner to make it the sole basis for his decision as to the year of birth, and reject everything else. Merrell v. Gardner, *supra.*

The Secretary has promulgated regulations which govern the submission and evaluation of evidence in cases of this kind.[1] These regulations should be fol-

---

1. 20 C.F.R. 404.703 provides:

(a) *When required.* An applicant for benefits under title II of the Act shall file supporting evidence showing the date of his birth if his age is a condition of entitlement or is otherwise relevant to the payment of benefits pursuant to such title II. Such evidence may also be required by the Administration as to the age of any other individual

lowed with intelligent reasonableness. We note initially that § 404.703(c) requires the trial examiner to give highest probative weight to birth records established before age five. No such records were available to Blanks. Therefore, in considering the other documents before him, the trial examiner was obliged by § 404.703(c) to give consideration to the "circumstances attending their establishment or recordation." Here there was no showing of who provided the information contained in the school census report, how the information was obtained, or what degree of accuracy was attempted in taking the census.

Moreover, § 404.703(c) makes it plain that in the absence of a birth record made before age five, school records are not entitled to any greater probative weight than delayed birth certificates, insurance policies, family Bibles, or any of the other types of documentary evidence which Blanks presented in support of his claim.

Much of the reasoning of Judge Thornberry in reviewing the evidence in Merrell v. Gardner, *supra*, is relevant here. Special emphasis should be placed upon the delayed birth certificate issued by state officials, who relied upon evidence from the mother, who was then living, for the age of her child. It is unreasonable to ride roughshod over the memories of the brothers and sisters as to age hierarchy of the children in the family. Their statements may not lead to exact ages, but they certainly should be persuasive as to the order of birth. The Secretary would rewrite the family tree to makes James younger than his brother Jodie, contrary to the recollection of all family members.

■ In sum, there was no substantial evidence to support a finding that Blanks was born on November 25, 1907. Weighing the evidence in the manner required by the Secretary's own regulations, we think the evidence would not fairly support any conclusion other than that Blanks was born on November 25, 1905. We direct that claimant Blanks is to be paid old age insurance benefits in

when such other individual's age is relevant to the determination of the applicant's entitlement.

(b) *Type of evidence to be submitted.* Where an individual is required to submit evidence of date of birth as indicated in paragraph (a) of this section, he shall submit a public record of birth or a church record of birth or baptism established or recorded before his fifth birthday, if available. Where no such document recorded or established before age 5 is available, the individual shall submit as evidence of age another document or documents which may serve as the basis for a determination of the individual's date of birth provided such evidence is corroborated by other evidence or by information in the records of the Administration.

(c) *Evaluation of evidence.* Generally, the highest probative value will be accorded to a public record of birth or a church record of birth or baptism established or recorded before age 5. Where such record is not available, and other documents are submitted as evidence of age, in determining their porbative value, consideration will be given

to when such other documents were established or recorded, and the circumstances attending their establishment or recordation. Among the documents which may be submitted for such purpose are: school record, census record, bible or other family record, church record of baptism or confirmation in youth or early adult life, insurance policy, marriage record, employment record, labor union record, fraternal organization record, military record, voting record, vaccination record, delayed birth certificate, birth certificate of child of applicant, physician's or midwife's record of birth, immigration record, naturalization record, or passport.

(d) *Certified copy in lieu of original.* In lieu of the original of any record, except a bible or other family record, there may be submitted as evidence of age a copy of such record or a statement as to the date of birth shown by such record, which has been duly certified (see Sec. 404.701(g)).

(e) *When additional evidence may be required.* If the evidence submitted is not convincing, additional evidence may be required.

**1162**

accordance with our determination that his correct date of birth is November 25, 1905.

Reversed and remanded, with directions.