Bernie POTTER, Plaintiff,

v.

Casper W. WEINBERGER, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 73–46.

United States District Court,
W. D. Pennsylvania.

Oct. 10, 1973.

Louis Kwall, Lebovitz & Lebovitz, Pittsburgh, Pa., for plaintiff.

James A. Villanova, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MEMORANDUM and ORDER

McCUNE, District Judge.

The plaintiff, Bernie Potter, has filed this action seeking review of the decision of the Appeals Council of the Social Security Administration which upheld the decision of the Administrative Law Judge in denying him Social Security retirement benefits.

The issue is whether the finding by the Secretary[1] that the plaintiff was born on November 22, 1912, is supported by substantial evidence. Ginsburg v. Richardson, 436 F.2d 1146 (3rd Cir. 1971). We find that it is not and remand the case to the Secretary for further action.

On November 18, 1970, Bernie Potter applied for retirement insurance benefits as provided by § 202(a) of the Act, 42 U.S.C. § 402(a). He gave his birthdate as December 14, 1908.

The Social Security Administration disallowed his application after ruling that his birthdate was actually November 12, 1909, and that he was not old enough to qualify for retirement benefits. On reconsideration it was determined that his birthdate was November 22, 1912.

The matter was considered still again at a hearing on July 10, 1972, at which the plaintiff appeared and was represented by counsel. The Administrative

1. The suit was filed under § 205(g), 42 U.S. C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The decision rendered by the Administrative Law Judge on September 13, 1972, became the final decision of the Secretary on November 16, 1972, after being affirmed by the Appeals Council. It is, therefore, now properly before the court for review.

Law Judge found that on the basis of census records corroborated by school records the plaintiff's birthdate was November 22, 1912. His decision was affirmed by the Appeals Council.

The accuracy of the census records is suspect because the information they contain is in obvious conflict with other evidence in the record. Furthermore, we do not think the 1920 census record supports the Secretary's finding that the plaintiff was born in 1912.

The plaintiff testified that he was the eighth of nine children. According to his testimony, from oldest to youngest, the children were Thomas, Odella, Jessie May, Lessie, Mabel, Edgar, Corrine, Bernie, and Cleo. The plaintiff's testimony is corroborated by the statement of his mother on the plaintiff's delayed birth certificate that there were seven other children living at the time of his birth.

According to the 1910 census record there was only one child in the family of "Christopher and Ida Poter," a son "Corrinhus Poter," age 1 as of April 15, 1910. The 1920 census record lists eight children living with Ida Potter: Thomas, Odolia, Tessie, Mabel, Edgar, Corinth, Vernice and Clem. The record states that Vernice was 8 years old as of January 1, 1920.

We think the accuracy of the census records is suspect for several reasons. First, assuming the plaintiff was born in November, 1912, and that he was the eighth child of Ida Potter, the 1910 census record clearly must be in error because it would be a biological impossibility (barring multiple births of which there is no evidence) for Mrs. Potter to have borne seven children between April 15, 1910, and November, 1912. It would seem there must have been other children in the family not recorded in the 1910 census record.

Second, the spelling of the family name on the 1910 record as "Poter" indicates either that the spelling was erroneous or that it is not a record of the plaintiff's family. The first alternative detracts from the probative value of the record, the second eliminates it altogether.

Third, the plaintiff did not testify that he had a brother named Corrinhus who is listed in the 1910 record.

Fourth, the 1920 census is apparently erroneous because it lists only eight children instead of nine, omitting Jessie May. It also incorrectly lists a Vernice and a Clem and apparently misspells other names.

Even assuming the accuracy of the 1920 census record, however, the Secretary improperly computed the plaintiff's birthdate on the basis of the information contained in the record. The census record states that "Vernice" Potter[2] was eight years old as of January 1, 1920. There seems to be no dispute that the plaintiff was born in either November or December.[3] Therefore, if the plaintiff was eight years old on January 1, 1920, he must have been born in November or December, 1911, not 1912 as the Secretary found.

Neither do we think the plaintiff's school records are credible evidence of the plaintiff's birthdate. The plaintiff's[4] Permanent School Census and Record Card for grades 5 through 9 is a part of the record. The record card lists the plaintiff's birthdate as November 22, 1912. The source of the information is listed as "child's statement." There is a space on the card where the plaintiff's age has been filled in as of September 1 for 1924 through 1927. The ages written there are computed on the basis of the 1912 birthdate. There is, however, a second birthdate listed on the card. Above the 1912 date appears November 12, 1909. There is no explanation sug-

---

2. For purposes of argument we are assuming that Vernice Potter is the plaintiff, Bernie Potter.

3. It is the year, of course, which is in dispute.

4. The child's mother is listed as Ida Potter who was the plaintiff's mother. The child's name is listed as Burnine Potter. We assume that is the plaintiff.

gested to resolve the inconsistency on the face of the record and we, therefore, think it should not be accorded great evidentiary weight.

Although it is for the Secretary and not this court to resolve the factual dispute over the plaintiff's birthdate, it would appear that the record supports the plaintiff's contention that he was born December 14, 1908. We think the delayed birth certificate, the affidavit[5] attached to it, and the plaintiff's marriage license[6] support plaintiff's argument.[7]

Accordingly, we find that the decision of the Secretary is not supported by substantial evidence and we remand the case for further action. Ginsburg v. Richardson, *supra*.

It is so ordered.

---

5. The affidavit has been made part of the record by stipulation of counsel.

6. The marriage license states that the plaintiff was 21 years old on February 1, 1930. Assuming he was born in November or December, he must have been born in 1908.

7. See generally, "Judicial Review, Under § 205(g) of Social Security Act (42 U.S.C. § 405(g)), of Sufficiency of Administrative Findings as to Failure of Claimant to Meet Age Requirements For Old Age Benefits." 13 A.L.R. Fed. 416.