**Mary E. BENNETT, Plaintiff,**

v.

**Richard S. SCHWEIKER, Defendant.**

**Civ. A. No. 81–1357.**

United States District Court,
District of Columbia.

Feb. 22, 1982.

838

Stephen T. Owen, Kominers, Fort, Schlefer & Boyer, Washington, D. C., for plaintiff.

William H. Briggs, Jr., Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., Chief Judge.

Mary E. Bennett brings this action for review of a final decision of the Secretary of Health and Human Services denying her claim for retirement insurance benefits under title II of the Social Security Act, 42 U.S.C. § 402(a) (1976). The action is before the Court on plaintiff's motion for judgment reversing the Secretary's decision.

On March 24, 1980, plaintiff filed a written application for retirement insurance benefits with the Department of Health and Human Services' Social Security Administration. In her application, plaintiff alleged that she was born on June 3, 1918 and that she would thus be entitled to retirement insurance benefits beginning on June 3, 1980, at which time she would reach the mandatory retirement age of 62. *See* 42 U.S.C. § 402(a) (1976). The Social Security Administration determined that plaintiff was born on June 3, 1919, as opposed to June 3, 1918, and thus denied her claim for retirement insurance benefits. After the Social Security Administration also denied her motion for reconsideration, plaintiff requested and obtained a *de novo* hearing before an administrative law judge from the Social Security Administration's Office of Hearings and Appeals. The administrative law judge also determined that plaintiff was born on June 3, 1919. The Social Security Administration's Appeals Council subsequently denied plaintiff's request for review and informed her that the administrative law judge's decision stood as the final decision of the Secretary.

According to the administrative law judge, evidence indicating that plaintiff was born on June 3, 1919 included her original birth certificate filed in 1919,[1] a census

1. In her written application for retirement insurance benefits filed with the Social Security Administration, plaintiff included her original birth certificate without realizing that it

record recorded in 1920 and her son's birth certificate filed in 1933. Evidence indicating that plaintiff was born on June 3, 1918 included her elementary school record recorded in 1923, her marriage license filed in 1948, her application for life insurance filed in 1956 and the testimony of both herself and her mother.

The administrative law judge determined that plaintiff's original birth certificate and the census record, both of which indicated that plaintiff was born on June 3, 1919, constituted "preferred" evidence.[2] Finding no "preferred" evidence indicating that plaintiff was born on June 3, 1918, the administrative law judge concluded that the evidence indicating that plaintiff was born on June 3, 1919 convincingly outweighed the available evidence indicating that she was born on June 3, 1918.

Plaintiff argues that the administrative law judge erred in considering her original birth certificate as evidence. According to plaintiff, the administrative law judge instead should have considered as evidence her birth certificate in its recently corrected form, which indicated that she was born on June 3, 1918. Plaintiff also argues that the administrative law judge erred in according any probative value to the census record, which misspells her family name.

Under section 205(g) of the Social Security Act, "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (1976). In explaining this standard of review, the Court of Appeals for the Fifth Circuit stated:

> Reviewing courts are not required ... to stand aside and give rubber-stamp approval to administrative decisions which frustrate the congressional policy underlying a statute. *NLRB v. Brown*, 380 U.S. 278, 291 [85 S.Ct. 980, 988, 13 L.Ed.2d 839] (1965). Rather, our function is to review the entire body of evidence, including that which is opposed to the Secretary's view. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 [71 S.Ct. 456, 464, 95 L.Ed. 456] (1951). This is particularly true in cases such as this one, where the question before the Secretary is not one requiring the application of administrative expertise. In such cases we are called upon to examine the record closely. *Merrell v. Gardner*, 397 F.2d 65 [, 67] (5th Cir. 1968) ....

*Blanks v. Richardson*, 439 F.2d 1158, 1159 (5th Cir. 1971).

The administrative law judge erred in relying on plaintiff's original birth certificate as evidence of when she was born. The administrative law judge should have considered instead her corrected birth certificate as evidence.[3] The State of Pennsylvania, where plaintiff was born, previously corrected her original birth certificate to read that she was born on June 3, 1918 and

---

showed her birth date as June 3, 1919 instead of June 3, 1918. After the Social Security Administration denied her application, she requested the *de novo* hearing before the administrative law judge and at the same time asked the State of Pennsylvania, where she was born, to correct her birth certificate. The State did so, *see* 35 Pa.Stat. § 450.703 (1978), and then plaintiff submitted the corrected birth certificate as evidence at the hearing.

2. Social Security Regulation No. 4 describes the weight accorded to various types of documents that may be submitted as evidence of age.

(a) *Preferred evidence.* The best evidence of your age, if you can obtain it, is either: a birth certificate or hospital birth record recorded before age 5; or a religious record which shows your date of birth and was recorded before age 5.

(b) *Other evidence of age.* If you cannot obtain the preferred evidence of your age, you will be asked for other convincing evidence that shows your date of birth or age at a certain time such as: an original family bible or family record; school records; census records; a statement signed by the physician or midwife who was present at your birth; insurance policies; a marriage record; a passport; an employment record; a delayed birth certificate; your child's birth certificate; or an immigration or naturalization record.

20 C.F.R. § 404.716 (1980).

3. Because recorded in July of 1980 and thus not before she reached the age of 5, plaintiff's corrected birth certificate does not constitute "preferred" evidence.

not June 3, 1919. *See* 35 Pa.Stat. § 450.703 (1978). Under section 1739 of title 28, 28 U.S.C. § 1739 (1976), that correction must be given full faith and credit. *See Tindle v. Celebrezze,* 210 F.Supp. 912, 914–15 (S.D. Cal.1962).

 The administrative law judge's reliance on the census record, recorded in 1920, also is suspect. The census record lists a six-month old child named "Mary" and thus suggests that plaintiff was born in 1919. The census record also lists plaintiff's family name as "Huston" and not "Houston," however. Because of this inaccuracy on its face, the census record is "a questionable indicator" of plaintiff's date of birth. *Blanks v. Richardson,* 439 F.2d at 1160. *Accord, Merrell v. Gardner,* 397 F.2d 65, 66–67 (5th Cir. 1968); *Potter v. Weinberger,* 365 F.Supp. 259, 260–61 (W.D.Pa.1973). The inaccuracy raises the possibility that the census taker obtained the information contained in the census record not from the Houstons, but rather from a neighbor or other source. Thus, the census record no longer can stand as "preferred" evidence. *See* 20 C.F.R. § 404.708(a).[4] The fact that the information contained in the census record may not have been obtained directly from the Houstons, however, does not destroy its probative value entirely.

As the above discussion makes clear, evidence indicating that plaintiff was born on June 3, 1919 is limited to the suspect census record and her child's birth certificate, which was filed in 1933. Neither of these two documents was signed and sworn to by plaintiff or a member of her family. *See* 20 C.F.R. § 404.708(c). Indeed, only the birth certificate contains information clearly given by plaintiff or a member of her family, *see* 20 C.F.R. § 404.708(b), and the reliability of that document is open to question. Plaintiff testified at the hearing before the administrative law judge that she stated her age as 14 instead of 15 on her child's birth certificate only because she misunderstood the question asked of her, which re-

ferred to "age last birthday" instead of simply "age."

 Evidence indicating that plaintiff was born on June 3, 1918 includes her elementary school record recorded in 1923, her marriage license filed in 1948, her application for life insurance filed in 1956 and her birth certificate corrected in 1980. All four of these documents contain information given by plaintiff or a member of her family. *See id.* In addition, the information contained in the life insurance application was signed and sworn to by plaintiff, and the information contained in the marriage license was signed and sworn to by plaintiff's husband. *See* 20 C.F.R. § 404.708(c). Further evidence indicating that plaintiff was born on June 3, 1918 includes not only her own testimony, but also that of her mother.

The Court concludes that the administrative law judge's decision that plaintiff was born on June 3, 1919 is not supported by substantial evidence. The Court holds, as authorized by section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), that the evidence supports the conclusion that plaintiff was born on June 3, 1918. Accordingly, the administrative law judge's decision, and thus the Secretary's decision, is reversed.

---

**4.** Social Security Regulation No. 4, see note 2 *supra,* does not expressly state that a census record, recorded before the claimant reaches the age of 5, can constitute "preferred" evi-

dence. Thus, even if completely accurate on its face, the census record in this case might not constitute "preferred" evidence. The Court need not decide that issue here, however.