**Margarita MIRANDA, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 90 Civ. 707 (CSH).**

United States District Court, S.D. New York.

June 10, 1991.

Marc L. Ames, New York City, for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. by Susan D. Baird, Sp. Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff filed this action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking review of the final decision of the Secretary of Health and Human Services ("Secretary") establishing her date of birth in March, 1929 instead of June 5, 1926 as claimed by plaintiff.

The parties cross-move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons stated below, defendant's motion is granted and plaintiff's is denied.

## BACKGROUND

Social Security old-age insurance benefits are available to any fully insured individual who has reached the age of 62 and files an application for such benefits. 42 U.S.C. § 402(a). Plaintiff initially applied for old-age insurance benefits on March 7, 1988. The Social Security Administration ("SSA") denied plaintiff's request after determining that she had not met the age requirement. Transcript of the Administrative Record ("Tr.") 51. Upon plaintiff's request for reconsideration of this decision, the SSA affirmed its denial of benefits. Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ") to review her application.

After hearings held on December 2, 1988 and February 9, 1989 the ALJ issued a written opinion determining that plaintiff had not proved her birth date to be June 5, 1926. The evidence submitted to the ALJ was as follows:

1) A U.S. Department of Commerce report from the April 1, 1930 Census indicating that plaintiff, who was born Margarita Ayala y Oquendo, was one year and one month old, supporting a March 1929 birth date. Tr. 70–71.

2) A 1940 Census report which indicates that one Margarita Ortiz y Oquendo, which the plaintiff claimed was her name, was 13 years old as of April 1, supporting a 1926 year of birth. Tr. 116–119.

3) Plaintiff's delayed birth certificate registered in 1965 showing plaintiff's birth date as June 5, 1926. Tr. 62.

4) A second copy of this delayed birth certificate issued November 18, 1988. Tr. 115.

5) Birth certificates of each of plaintiff's five children giving the mother's age at birth, four of which are consistent with a birth date of June 5, 1926, and the last with the year 1926. Tr. 82–98.

6) Plaintiff's marriage certificate issued in 1963, placing her age at the time of her 1943 marriage at 17, supporting a 1926 birth date. Tr. 72.

7) An affidavit of plaintiff's older sister, and supporting information from the National Climatic Data Center, attesting to plaintiff's age prompted by a memory of a hurricane striking in 1928 when she remembered her sister being 2 years old. Tr. 99–109.

8) Plaintiff's application for retirement insurance benefits citing her date of birth as June 5, 1926. Tr. 49–50.

Relying on the 1930 census report, the ALJ held that plaintiff's birth date was March, 1929 and that she was ineligible for retirement insurance benefits having not yet attained 62 years of age. Tr. 13–15. Plaintiff's first birth certificate appeared to the ALJ to have an alteration on the numeral 6 in the year 1926. The second copy of this certificate offered by plaintiff did not have this apparent alteration but had some differences from the first which led the ALJ to believe it did not add anything to the value of the first certificate. The ALJ determined that the five birth certificates of plaintiff's children and her two marriage

certificates were not as reliable as the 1930 census report because plaintiff herself furnished her age in these documents and they all were recorded many years after her birth. Tr. 14.

Evaluating the 1940 census report, the ALJ determined that since the name of the child listed on the report was different from the exact name of the plaintiff, the reliability of the census for determining plaintiff's age was questionable. This, along with the fact that it was further from the date of plaintiff's birth, led the ALJ to reasonably conclude that the 1940 census did not outweigh the 1930 census in terms of probative value of plaintiff's age. The ALJ concluded that the affidavit from plaintiff's sister had some weight but was not as trustworthy as the 1930 census.

In March 1989 plaintiff submitted to the SSA Appeals Council a request for a review of the ALJ's decision along with additional evidence to support her claimed date of birth. The additional evidence consisted of: 1) certificate of plaintiff's second marriage certified August 23, 1988 citing a date of birth of June 5, 1926; 2) plaintiff's United States passport issued August 15, 1988 showing a June 5, 1926 date of birth. Tr. 134–136. The Council concluded that plaintiff's passport and second marriage certificate were of little probative value because they were of recent origin and, indeed, issued after the application for benefits insurance had been submitted by plaintiff. Tr. 5.

The Appeals Council considered this additional evidence along with the record before the ALJ and concluded that there was no basis for granting plaintiff's request for review. Tr. 4–6. The ALJ's decision then became the final decision of the Secretary.

## DISCUSSION

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988) (citation omitted); *see also Whitaker v. Bd. of Higher Ed. of City of New York,*

461 F.Supp. 99, 104 (E.D.N.Y.1978). In this case, the underlying questions of fact have been resolved by the Secretary. Findings of fact by the Secretary are not to be disturbed by a reviewing court if they are supported by substantial evidence. 42 U.S.C. § 405(g); *see Richardson v. Perales* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); *Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir.1991). Thus, the issue before the Court is whether the Secretary's decision establishing plaintiff's birth date as March, 1929 is supported by substantial evidence. The Court finds that it was.

*Determination of Substantial Evidence*

■ The Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means relevant evidence which a reasonable mind might accept as sufficient to support the conclusions". *Richardson v. Perales,* 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)); *Rivera,* 923 F.2d at 967. The Court may not substitute its judgment for that of the Secretary. Even if there is evidence which could support another decision, as long as substantial evidence supports the Secretary's conclusion, his decision must be upheld. *See Schauer v. Schweiker,* 675 F.2d 55 (2d Cir.1982). Thus, the Secretary is allowed some range of choice of conclusions as long as the ultimate decision is supported by substantial evidence. *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir. 1984).

■ In determining what constitutes substantial evidence, the reviewing court must look to the record as a whole, not merely the evidence which supports the Secretary's decision. *See Hurley v. Bowen,* 857 F.2d 907, 912 (2d Cir.1988); *see also Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951). As the Second Circuit has held, "in assessing whether the evidence supporting the Secretary's position is substantial, we will not look at that evidence in isolation but rather will view it in light of

other evidence that detracts from it." *State of New York on Behalf of Bodnar v. Secretary of Health and Human Services,* 903 F.2d 122, 126 (2d Cir.1990).

■ The Social Security Administration has promulgated rules about evidence requirements in old-age insurance benefits claims. 20 C.F.R. §§ 404.701–780. These rules establish what type of evidence of age is to be supplied by a claimant[1], how the Secretary will evaluate the evidence[2], and how the Secretary will determine what will be considered "convincing" evidence[3]. If a claimant produces "preferred" evidence of age the Secretary will generally find that it is convincing evidence and will need no other evidence of age. If no "preferred" evidence is given, the Secretary must consider all "other evidence of age", and may give documents different relative probative weight after evaluation pursuant to the § 404.708 guidelines. The document closest to the date of birth of the applicant may be given greatest probative value as long as that document's accuracy is not

suspect. *Ginsburg v. Richardson,* 436 F.2d 1146, 1151 (3d Cir.1971), *cert. den.,* 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *Allen v. Heckler,* No. 84 Civ. 0518–S (N.D.Ala. March 29, 1985).

■ In the case at bar, the plaintiff offered no preferred evidence, and the Secretary properly determined the relative value of the offered evidence. In choosing to give the 1930 census report the greatest weight, the Secretary was acting reasonably and in accordance with the guidelines. The 1930 census report is facially valid, stating and spelling the plaintiff's and her parent's names correctly. There is no reason to believe that anyone other than one of her parent's gave the census-taker the information, since according to the plaintiff's testimony only her father would have generally answered the door when she was a child and when her parents were not at home a close neighbor always took care of the children. Tr. 41–43. Furthermore, as the Appeals Council determined, there is no

---

1. 20 CFR § 404.716 provides: **Type of evidence of age to be given.**

    (a) *Preferred evidence.* The best evidence of your age, if you can obtain it, is either: a birth certificate or hospital birth record recorded before age 5; or a religious record which shows your date of birth and was recorded before age 5.

    (b) *Other evidence of age.* If you cannot obtain the preferred evidence of your age, you will be asked for other convincing evidence that shows your date of birth or age at a certain time such as: an original family bible or family record; school records; census records; a statement signed by the physician or midwife who was present at your birth; insurance policies; a marriage certificate; your child's birth certificate; or an immigration or naturalization record.

2. 20 CFR § 404.708 provides: **How we decide what is enough evidence.**

    When you give us evidence, we examine it to see if it is convincing evidence. If it is, no other evidence is needed. In deciding if evidence is convincing, we consider whether—
    (a) Information contained in the evidence was given by a person in a position to know the facts;
    (b) There was any reason to give false information when the evidence was created;
    (c) Information contained in the evidence was given *under oath, or with witnesses present,* or with the knowledge there was a penalty for giving false information;

(d) The evidence was created at the time the event took place or shortly thereafter;
(e) The evidence has been altered or has any erasures on it; and
(f) Information contained in the evidence agrees with other available evidence, including our records.

3. 20 CFR § 404.709 provides: **Preferred evidence and other evidence.**

    If you give us the type of evidence we have shown as "preferred" in the following sections of this subpart, we will generally find it is convincing evidence. This means that unless we have information in our records that raises a doubt about the evidence, other evidence of the same fact will not be needed. If preferred evidence is not available, we will consider any other evidence you give us. If this other evidence is several different records or documents which all show the same information, we may decide it is convincing evidence even though it is not "preferred" evidence. If the other evidence is not convincing by itself, we will ask for additional evidence. If this additional evidence shows the same information, all the evidence considered together may be convincing. When we have convincing evidence of the facts that must be proven or it is clear that the evidence provided does not prove the necessary facts, we will make a formal decision about your benefit rights.

reason to believe that anyone, least of all someone close to the child, would mistake a child of 3½ for an infant of 13 months. Tr. 5.

Although this piece of evidence alone would be enough to establish the year of birth of the plaintiff as 1929, the Court is obligated to evaluate whether there was substantial evidence on the record as a whole. *See State of New York on Behalf of Bodnar*, 903 F.2d at 126. The Secretary did not evaluate only the 1930 census report in establishing plaintiff's age. The ALJ evaluated all of the proffered evidence and determined that its probative value was questionable. Tr. 12–15. He reasonably concluded that the plaintiff's birth certificates had defects and that the birth certificates of her children and her marriage certificates contained information supplied by the plaintiff herself.

The ALJ quite reasonably chose to rely on the 1930 census report over the 1940 report since it was the report closest to plaintiff's birth. The ALJ also reasonably concluded that the affidavit of plaintiff's sister involved the speculation of a person remembering something that happened while she was a young girl over 60 years after the fact.

In evaluating the plaintiff's request for review of the ALJ's decision, the Appeals Council considered the two additional documents submitted by plaintiff and reasonably found that the new evidence should not change the ALJ's ruling.

While the Secretary's conclusion may not have been the only conclusion based on this evidence, his conclusion is supported by substantial evidence. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984) (where evidence admits more than one rational interpretation the decision of the Secretary must be upheld). The accuracy of most of the evidence is suspect and it was reasonable for him to conclude that the 1930 census was the most reliable of the evidence, thereby giving it highest probative value.

Relying principally on the holding in *Merrell v. Gardner*, 397 F.2d 65 (5th Cir. 1968), plaintiff contends that reliance upon one census report in the face of other evidence to the contrary is improper and thus the Secretary's decision must be overturned. However, in *Merrell* the census relied upon by the Secretary was facially inaccurate, citing the last name of plaintiff as "Morel". In addition, the evidence to the contrary was accurate and trustworthy. For these reasons, the Court found the Secretary's decision establishing plaintiff's age based on the census report not supported by substantial evidence. *See Merrell*, 397 F.2d at 67. Here, since the 1930 census relied upon was not facially inaccurate, and the other evidence is suspect at best, this Court cannot find that the Secretary's decision is unsupported by substantial evidence.

Viewing the record as a whole, the Court finds that the Secretary's decision that plaintiff was born in March, 1929 is supported by substantial evidence. Plaintiff is not entitled to retroactive benefits from June, 1988 since she did not attain the age of 62 until March, 1991.

### *The Consideration of the 1930 Census Report*

The plaintiff also argues that the 1930 census should not be allowed into evidence because 1) the ALJ agreed to suppress it; 2) it was obtained without plaintiff's permission in violation of SSA and Commerce Department rules; and 3) it cannot be used to her detriment. The Court agrees with the Appeals Council that the ALJ did not rule on a motion to suppress the document by responding "Okay" to a statement by plaintiff's attorney that the document ought to be stricken from the record or given limited use[4]. Tr. 5, 48. The transcript supports the Appeals Council's conclusion that the ALJ had an informal habit of responding "Okay" to counsel's comments, arguments or objections when all he meant was that he had heard and understood what counsel was saying.

---

**4.** Plaintiff objected to the use of the 1930 census not because of the way in which it was obtained, but because of her view that it should have very low or no probative value. Tr. 47–48.

*See e.g.*, Tr. 30–32. Clearly the ALJ did not believe he had sustained an objection to the 1930 census report, having relied on it in his decision. Thus, the ALJ did not suppress the census report and properly relied upon the document.

 The Secretary produced no statement of permission by plaintiff to release her census information to him. Under both SSA and Commerce Department rules no census data can be obtained without the individual's specific authorization. *See* 13 U.S.C. §§ 1, 8(a), 9(a); POMS GN 00302.-760. However, that the SSA somehow bypassed its own and the Commerce Department's rules to receive the information without the plaintiff's authorization is implausible. Plaintiff nowhere directly alleges that she did not give her permission.

Even assuming that the agencies' internal rules were violated, the plaintiff has waived her right to object to the use of the census data since she made no objection below to the way in which it was obtained. *See Board of Ed. of City Sch. Dist., Etc. v. Harris,* 622 F.2d 599, 606 (2d Cir.1979) (Courts will not generally review objections to an agency's procedures not raised at the administrative level).

 Finally, the plaintiff argues that according to Title 13 U.S.C. § 8(c)[5] the 1930 census report cannot be used to her detriment and that since it was used to deny her benefits, it was used to her detriment in violation of this section. The court finds this contention without merit. Pursuant to its rulemaking authority under 42 U.S.C. § 405(a), the SSA has authorized the use of census records as evidence of a claimant's age. 20 CFR 404.716(b). In addition, courts have held that an individual is not subject to a "detriment" if she is denied something to which she is not entitled. *See Edwards v. Edwards,* 239 S.C. 85, 121 S.E.2d 432, 435 (1961); *State ex rel. James Lytell v. Louisiana State Board of Health,* 153 So.2d 498, 500 (La.App.1963). The words used by the Court in *Edwards* apply:

"We are constrained to the view that the framers of the Act did not use the word 'detriment' as applying to some loss that might follow from the information furnished. It may be assumed that the information furnished from the census files upon request of a private individual reflects the truth. The use of such information to the detriment of those to whom it relates does not mean detriment in the sense of a financial loss flowing from establishing the truth in a court of law." *Edwards,* 121 S.E.2d at 435.

For the aforesaid reasons, the Secretary's use of the 1930 census report does not constitute error.

### ORDER

Defendant's motion for judgment on the pleadings is granted and plaintiff's motion is denied. The Clerk of the Court will enter judgment for defendant.

It is SO ORDERED.

---

**5.** 13 U.S.C. § 8(c) provides: In no case shall information furnished under this section be used to the detriment of any respondent or other person to whom such information relates, except in the prosecution of alleged violations of this title.