Arletha WEBB, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health & Human Services, Defendant.

Civ. A. No. 87–2251–S.

United States District Court, D. Kansas.

March 8, 1988.

---

John S. Sutherland, Kansas City, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Julie Robinson, Asst. U.S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is an action under 42 U.S.C. § 405(g) for review of a final decision of the Social Security Administration. At issue is the correct age of a social security claimant, a factual question that will govern the correct starting date for plaintiff's retirement benefits. The Secretary of Health and Human Services found that substantial evidence supported a birth date of May 19, 1920, while plaintiff argues that she was born on May 19, 1919. In reviewing a final decision of the Secretary, the court's role is limited to a determination of whether the decision is supported by substantial evidence. *Brown v. Bowen,* 801 F.2d 361, 362 (10th Cir.1986). "The reviewing court may not weigh the evidence nor substitute its discretion for that of the agency.... Substantial evidence is more than a scintilla; it is such relevant evidence as a reasonable mind might deem adequate to support a conclusion." *Id.*

The Code of Federal Regulations contains a detailed set of guidelines for judging the evidence in a case such as this. The Social Security Administration will generally accept as true, evidence it classifies as "convincing." 20 C.F.R. § 404.708. In attempting to establish age, if a claimant offers "preferred evidence" as defined in 20 C.F.R. § 404.716(a), the Social Security Administration will generally accept it as convincing. The preferred evidence enumerated in section 404.716 is either (1) a birth certificate or hospital birth record recorded before age 5, or (2) a religious record which shows the claimant's date of birth and was recorded before age 5. If preferred evidence is not available, section 404.716(b) lists examples of other types of evidence that may cumulatively be considered as convincing if it all shows the same information: (1) An original family bible or family record; (2) school records; (3) census records; (4) a statement signed by the physician or midwife who was present at the claimant's birth; (5) insurance policies; (6) a marriage record; (7) a passport; (8) an employment record; (9) a delayed birth certificate, or a child's birth certificate; or (10) an immigration or naturalization record. If this evidence is conflicting or otherwise inconclusive, the Secretary will proceed to make a formal decision about the claimant's benefit rights. 20 C.F.R. § 404.709.

During the proceedings below, numerous pieces of information concerning claimant's age were submitted. None of the information was conclusive in its own right, but the court can find no fault with the claimant. She is a black woman who was born in a rural area of Louisiana, and it appears that she has never been aware of her true age. Throughout the years, she has alternatively used 1920, 1921, and 1922 as her year of birth when giving information for purposes such as a driver's license, voting registration, and employment application. The government asserts that plaintiff "willingly modifies her date of birth when it is in her best interest," but this allegation is completely unsupported by the record. Except for the present dispute, it does not appear

that any previous representation as to age was made in order to secure any derivative benefit. For example, when registering to vote in 1968, plaintiff gave her birth year as 1922, while when applying for a Social Security card in 1945, she stated that she was born in 1921. Her right to vote certainly did not depend on whether she was 44 or 46 in 1968, nor did her entitlement to a Social Security card hinge on whether she was 24 or 25 in 1945. The government's characterization of this plaintiff's demeanor is simply wrong.

Because of plaintiff's own uncertainty about her age, the court does not consider relevant any of the documents (save one) as to which plaintiff had to provide her age. The only relevant documents, then, are those for which plaintiff's parents or other knowledgeable persons provided her age. These consist of the following (in chronological order): (1) 1920 federal census, listing eleven children in plaintiff's family, including a "baby son" but not including a daughter named Arletha; (2) a Shongaloo, Louisiana school record dated October 14, 1929, listing plaintiff as nine years, three months old, but including a birth date of "5–19–1919" in darker ink in the margin; (3) the 1930 federal census which, as of April 1, 1930, listing plaintiff as 10 years old; (4) a school record dated September, 1935, listing plaintiff as age 14; and (5) a school record dated September 13, 1937, listing a birth date of May 19, 1920, and indicating that plaintiff had dropped out of high school some time during the year. The final relevant document is plaintiff's own earliest recounting of her age. In applying for a Social Security card in 1939, plaintiff gave a birth year of 1921.

Viewing the evidence as a whole, the court must agree that the substantial evidence establishes a birth year of at least 1920, possibly 1921. No one piece of evidence can be given any greater weight than another; the documents appear to be equally unreliable and equally inconsistent. The school records all support a birth year of 1920 or later, except for the "5–19–1919" written with darker ink in the margin in the record from 1929. The census records are both susceptible to attack. Although the 1920 census did not list plaintiff, it did list a baby son, and this could be a mistaken reference to plaintiff. The 1930 census did list plaintiff as being nine years old as of April 1, 1930, technically establishing a birth year of 1919, but since her tenth birthday would have been but a week away, a birth year of 1920 seems just as likely. Finally, the court believes that some weight should be given to plaintiff's representation in 1939 that she was born in 1921, because in 1939 she was only a year or two beyond the time when she would have left home and the memory of her age as related by her parents or others would have been freshest in her mind. For these reasons, to the extent that any substantial evidence of plaintiff's age exists, the court does not believe that the Secretary's final decision is inconsistent with it.

The court does sympathize with plaintiff, as it appears from correspondence in the record that plaintiff is exasperated with the legal processes required to establish the date on which her retirement benefits should have begun. It may seem relatively simple for the Social Security Administration to simply accede to a claimant's persistent assertions in cases such as this, where a mere one year's worth of retirement benefits is at stake. Millions of Americans turn retirement age each year, however, and the taxpayers have a very large stake in the Secretary's quest to establish the true entitlement of each claimant. The court cannot fault the government for jealously guarding the disbursement of Social Security funds.

IT IS BY THE COURT THEREFORE ORDERED that the decision of the Secretary be affirmed.