Isaac **RAMIREZ**

v.

Louis W. **SULLIVAN, M.D., Secretary of Health and Human Services.**

**Civ. A. No. B–89–0721–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 31, 1991.

---

John Dudley Rutland, Beaumont, Tex., for plaintiff.

Steve Mason, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiff Isaac Ramirez, appeals from the decision of the Secretary of Health and Human Services (the Secretary), denying the plaintiff retirement benefits for one year. The Secretary filed a motion for summary judgment April 26, 1990. The plaintiff, although represented by counsel, has not responded. The court has reviewed the motion, transcript of the hearing before the administrative law judge (ALJ), and exhibits offered by the plaintiff. The court now rules on the Secretary's motion for summary judgment.

## THE LAW

This court's review of the Secretary's decision under 42 U.S.C. § 405(g) is limited to the determination that the Secre-

tary's decision was supported by substantial evidence existing in the record as a whole and that no errors of law were made. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.1988). The reviewing court may not reweigh the evidence in the record, nor try the issue *de novo*, nor substitute its judgment for the Secretary's, even if the evidence preponderates against the Secretary's decision. *Id.; Fields v. Bowen*, 805 F.2d 1168, 1169 (5th Cir.1986). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401, 91 S.Ct. at 1427. To make a finding of no substantial evidence, there must be conspicuous absence of credible choices or no contrary medical evidence. *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir.1983).

20 C.F.R. § 404.715 delineates when proof of age is not required in determining eligibility for benefits. Plaintiff met none of these exemptions. 20 C.F.R. § 404.-716(a) defines preferred evidence (or best evidence) of a claimant's age as a birth certificate or hospital birth record recorded before age five, or a religious record which shows the claimant's date of birth was recorded before age five. If preferred evidence is not obtainable, the regulations dictate that "other evidence of age" be used, which includes delayed birth certificates and statements signed by the physician who was present at the claimant's birth. 20 C.F.R. § 404.716(b).

The Secretary's regulations further provide that the following considerations, among others, are addressed when determining whether evidence is convincing: (1) whether the informant had personal knowledge of the facts, (2) whether the information was given under oath, (3) whether the evidence was created at the time the event took place or shortly thereafter, and (4) whether the information in the evidence agrees with other available evidence. 20 C.F.R. § 404.708.

The only issue for review by this court is whether substantial evidence support's the ALJ's determination that plaintiff's birth date was November 24, 1925.

### THE FACTS

█ Upon filing his initial application for retirement benefits, plaintiff submitted several documents as proof of his age. A baptismal record, dated April 25, 1926, stated that plaintiff's birth date was November 24, 1925 (Tr. 60). Plaintiff's military record, dated June 28, 1943, stated that his birth date was November 18, 1924 (Tr. 49). A delayed birth certificate, dated March 15, 1947, stated that plaintiff's birth date was November 18, 1924 (Tr. 50, 52). Plaintiff submitted other documents, including a military identification card (Tr. 26), his child's birth certificate (Tr. 75), and a driver's license (Tr. 95).

Plaintiff also submitted a statement dated December 22, 1986, from Rev. William Manger, Pastor of the Saint Mary's Church, in which it was attempted to repudiate the baptismal record. Reverend Manger stated that he had several reasons for believing plaintiff's claim that his birth date was actually November 18, 1924. One reason was that there were several other documents which Reverend Manger believed substantiated plaintiff's claim, including a sworn statement from plaintiff's mother. A second reason was that Reverend Manger had heard that the priest who performed the baptism was not too patient with Spanish-speaking people and likely misspelled names (Tr. 61).

At the hearing, plaintiff submitted another birth certificate copy at the hearing (Tr. 66). He testified that the copy had been signed by the same physician who had attended his birth (Tr. 31).

The ALJ found that the Secretary's regulations delineated the certificate of baptism as the preferred evidence, so that the regulations required reliance on this document for the determination of plaintiff's age. Plaintiff's birth date was therefore determined to be November 24, 1925 (Tr. 16–17).

Plaintiff introduced a baptismal record which was dated April 25, 1926, and which stated that plaintiff's birth date was November 24, 1925 (Tr. 60). Under C.F.R. § 404.716(a), this is a religious document which shows plaintiff's date of birth and was recorded before he reached age five. Consequently, this baptismal record meets the Secretary's definition of preferred evidence, as defined by the regulations. This was the only preferred evidence submitted by plaintiff.

As for the plaintiff's other evidence, he introduced a portion of his military record, dated June 28, 1943, which showed a birth date of November 18, 1924 (Tr. 49). Delayed birth certificates, all dated in the 1940's, showed a birth date of November 18, 1924, as well (Tr. 50, 52, 66). These documents were executed over a decade after plaintiff's birth, and were properly classified as "other evidence" by the ALJ. 20 C.F.R. § 404.716(b).

The Secretary's regulations, by distinguishing between "preferred evidence" and "other evidence," clearly indicate that preferred evidence is considered more reliable, and intended to take precedence over other evidence. Therefore, the ALJ acted properly in choosing to rely upon the preferred evidence over the other evidence presented.

On the issue of whether other evidence is convincing, the Secretary's regulations further provide that the following issues are including in the consideration: (1) whether the informant had personal knowledge of the facts, (2) whether the information was given under oath, (3) whether the evidence was created at the time the event took place or shortly thereafter, and (4) whether the information in the evidence agrees with other available evidence. 20 C.F.R. § 404.-708. The ALJ decided that the other evidence presented by plaintiff, because it was more remote from plaintiff's birth, was less reliable. The ALJ also noted that the bap-

tismal record, being the most reliable evidence under the Secretary's regulations, agreed with plaintiff's second application for benefits, dated November 1987, in which his date of birth was stated to be November 24, 1925 (Tr. 54–57). Plaintiff refused to acknowledge this statement (Tr. 86); however, he signed the second application under an obligation to report information accurately therein (Tr. 57).[1] The preferred evidence, corroborated by a statement by plaintiff on a subsequent application, support the finding that plaintiff's birth date was November 24, 1925. Therefore, under the Secretary's regulations, with such reliable evidence to the contrary, the other evidence provided by plaintiff could properly be rejected as not convincing. 20 C.F.R. § 404.708. Consequently, it was proper for the ALJ to rely upon the baptismal record as the most reliable evidence and to reject the other evidence proffered by plaintiff.

■ The ALJ's decision, adopted by the Secretary, to rely upon the preferred evidence, is in accord with the appropriate regulations and therefore supported by substantial evidence. The quantity of evidence is not controlling; it is the quality of evidence that matters. The ALJ has determined the better evidence indicates a birth date for the plaintiff of November 24, 1925.

## CONCLUSION

The ALJ's determination of a birth date for the plaintiff of November 24, 1925, was wholly within the Secretary's regulations. It is supported by substantial evidence. Accordingly, the Secretary's motion for summary judgment is GRANTED.

---

1. The plaintiff has, in fact, been awarded retirement benefits based on this second application (Tr. 58).