**Judy CASS, Plaintiff–Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 92–3919.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1993.

Decided Oct. 27, 1993.

Frederick J. Daley, Marcie E. Goldbloom (argued), Chicago, IL, for plaintiff-appellant.

Judy Cass, pro se.

Sheila H. Swanson, Dept. of Health and Human Services, Region V, Office of Gen. Counsel (argued), Chicago, IL, Richard D. Humphrey, Asst. U.S. Atty., Office of U.S. Atty., Madison, WI, for defendant-appellee.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

## 554

FLAUM, Circuit Judge.

In this case, Judy Cass ("Plaintiff"), complains that she suffers from a disabling condition known as Somatoform Pain Disorder ("SPD"). According to Plaintiff, the pain and debilitating effects of her SPD preclude her from performing even light duty employment, thus entitling her to federal disability benefits and supplemental income under the Social Security Act ("SSA"). 42 U.S.C. §§ 416, 423 & 1382. Initially the Secretary of Health and Human Services ("Defendant") denied Plaintiff's disability claim. Then, after a full hearing, an administrative law judge ("ALJ") also found that Plaintiff did not suffer from a disability, as defined by the SSA, confirming Defendant's initial decision. Unsatisfied, Plaintiff appealed the decision to an Administrative Appeal Judge ("AAJ"). Plaintiff then exercised her right to appeal an administrative decision to the district court. The district court found no error in the ALJ's original findings. We AFFIRM the district court.

### I. Facts

■ Plaintiff, a forty-nine year old former dental lab technician claims that a disability has prevented her from working at any job since March 23, 1986. Complaining of chronic pain in her neck, arms, elbows, hips and other joints, fatigue, lethargy, sexual frigidity, and an inability to concentrate, Plaintiff sought medical help, consulting numerous professionals including rheumatologists, psychiatrists, psychologists, and a chiropractor. This body of medical expertise eventually indicated that Plaintiff suffered from SPD—the psychological malady where a patient complains of numerous pains for which there is no pathophysiologic explanation. Allegedly unable to work because of her SPD, Plaintiff applied for federal disability benefits under 42 U.S.C. §§ 416, 423 & 1382. After considering her claim, Defendant denied Plaintiff's application. Accompanied by counsel and armed with medical expert testimony, Plaintiff appealed her case to an ALJ. After considering the testimony of the voca-

tional[1] and medical experts, the ALJ denied Plaintiff's claim for disability benefits finding that Plaintiff did not suffer from a disability as defined by SSA, and that she could perform light duty work in the economy near her home. Plaintiff appealed. After the requisite administrative appeal, Plaintiff sought relief in the district court. After a hearing a federal magistrate filed a report with the court, agreeing with the ALJ's conclusions. In affirming the ALJ's decision the district court adopted the magistrate's report in its entirety. Plaintiff now appeals her claim to this court, arguing that the ALJ, AAJ, Magistrate, and district court each unfairly evaluated the significance of her SPD, erroneously concluded that she could still be employed in light duty work, and wrongly denied her disability benefits. We note our jurisdiction over this matter pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and AFFIRM the district court's decision.

### II. Analysis

In her appeal, Plaintiff argues that the ALJ improperly applied the law in the following two ways: (A) when considering the extent of Plaintiff's ability to perform even light work, the ALJ failed to consider Plaintiff's SPD limitations consistently, and (B) when asking Defendant's vocational expert an employment hypothetical question, the ALJ failed to accurately summarize Plaintiff's SPD condition.

■ Essentially, each of Plaintiff's arguments claim that the ALJ lacked sufficient evidence to support his conclusions regarding Plaintiff's alleged disability. Congress has specified this court's jurisdiction and standard of review when reviewing the sufficiency of the evidence in appeals concerning SSA disability benefits. Under the Social Security Disability Benefits Reform Act of 1984, Congress explained that when reviewing an appeal against the HHS Secretary, "[t]he findings of the Secretary as to any fact, if supported by *substantial evidence*, shall be conclusive." 42 U.S.C. § 405(g) (emphasis supplied). The Supreme Court has held that

---

1. A vocational expert may testify as to the number of jobs in a given geographical area available to a worker after considering the worker's medi-

cal limitations. *Ehrhart v. Secretary,* 969 F.2d 534, 541 (7th Cir.1992).

while a mere scintilla of proof will not suffice to uphold the Secretary's findings, the standard of substantial evidence requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation omitted). *See also Ehrhart v. Secretary,* 969 F.2d 534, 538 (7th Cir.1992) (stating that when the HHS Secretary denies disability benefits, "substantial evidence means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (citation omitted); *Anderson v. Bowen,* 868 F.2d 921, 923 (7th Cir.1989) ("Substantial evidence is such relevant evidence as a reasonable mind might accept … taking into account whatever in the record fairly detracts from its weight"). Furthermore, this court has stated that in light of our limited jurisdiction we cannot substitute our own judgment for that of the HHS Secretary by reweighing the evidence to decide whether a claimant is in fact disabled. *Ehrhart,* 969 F.2d at 538. The issue before this court is not whether Plaintiff is disabled, but rather whether the ALJ's findings were supported by substantial evidence. For the following reasons, we hold that the ALJ's findings were sufficiently supported to pass muster under our deferential standard of review.

### A. Extent of Disability

■ Plaintiff first contends that the ALJ's findings were not supported by substantial evidence because he failed to consider the SPD's full effects in finding Plaintiff not disabled. In determining the extent of Plaintiff's disability, the Secretary must consider the physical abilities, mental impairments and any other impairments. 20 C.F.R. §§ 404.1545; 416.945. In making such assessments the Secretary is entitled to rely on the conclusions of qualified expert medical professionals. *Moothart v. Bowen,* 934 F.2d 114, 116 (7th Cir.1991) (holding that the findings of reviewing physicians constituted substantial evidence in support of the Secretary's decision to deny benefits).

At Plaintiff's hearing the ALJ received the following testimony from qualified medical experts: (1) Plaintiff had only "moderate" restriction in her activities of daily living, (2) she "often" had deficiencies of concentration, (3) she would be "good" in her ability to interact with the public, and (4) she had a "fair" ability to tolerate work stress. See *Cass v. Sullivan,* 91–C–0982–C, Mag. Report and Recommendation at 6–7, 1992 WL 547703 (Magis.Ct.W.D.Wis.1992) (hereinafter *"Magistrate's Report "*). Further, according to the record, at Plaintiff's hearing the ALJ also fully considered the evidence pertaining to the extent of Plaintiff's SPD pain when reducing her employment capacity from "medium exertion" to "light work". *Id.* at 8. Apparently, Plaintiff disagrees with the ALJ's decision. We note, however, that her disagreement does not invalidate what appears to be substantial evidence provided by medical experts that may support the ALJ's conclusions. While the law requires an ALJ to weigh all the credible evidence and make unbiased factual findings, it does not compel an ALJ to accept wholly the claimant's perception of a disability. From our review of the record, such a credibility determination is exactly what happened in Plaintiff's case. Therefore, after examining the ALJ's disability finding under the *substantial evidence* standard, we conclude that the ALJ had substantial evidence to support his finding, and properly considered the full effects of Plaintiff's SPD before determining her lack of disability.

### B. Hypothetical Question

■ Plaintiff next contends that the ALJ lacked substantial evidence to support his finding that Plaintiff can perform light work, arguing that the hypothetical question posed to the vocational expert failed to accurately summarize all of Plaintiff's SPD impairments. Specifically, Plaintiff asserts that the hypothetical question assumed Plaintiff's ability to perform both a full range of light and sedentary work, contrary to the medical expert's testimony. We disagree. This court has twice before stated that when considering the appropriateness of an hypothetical question posed to a vocational expert, "[a]ll that is required is that the hypothetical

question be supported by the medical evidence in the record." *Ehrhart,* 969 F.2d at 540, *citing Meredith v. Bowen,* 833 F.2d 650, 654 (7th Cir.1987). For the following reasons we conclude that the hypothetical question posed by the ALJ reflected Plaintiff's impairments to the extent they were supported by medical evidence in the record.

The ALJ's hypothetical question appears to adequately reflect Plaintiff's work related limitations. In posing the hypothetical to the vocational expert the ALJ requested that Plaintiff's age, work experience, and the limitations noted by the medical expert be considered in determining the number of jobs available in the local economy. *Magistrate's Report* at 12. Further, because the record lacks medical evidence that Plaintiff could not sit, stand or walk for extended periods, *id.* at 11, a proper hypothetical question need not include these alleged impairments. Moreover, Plaintiff's concern about the absence of such limitations in the hypothetical may be inconsequential since, in identifying the number of jobs compatible with Plaintiff's abilities, the vocational expert assumed Plaintiff could only stand or sit for about two continuous hours. *Id.* at 13.

■ Finally, we could not reverse the ALJ even if the hypothetical question lacked such significant medical evidence. When a hypothetical question omits medical evidence from the record of the claimant's impairments, but the vocational expert indicates that he reviewed the documentary evidence before making his determination, such omissions do not necessarily create reversible error. *See Ehrhart,* 969 F.2d at 540 ("When the record supports the conclusion that the vocational expert considered the medical reports and documents, his responses are probative ... even if the hypothetical question itself does not take into account every aspect of the claimant's impairments"). As in *Ehrhart,* here the vocational expert reviewed Plaintiff's full medical reports and documents before rendering his assessment; therefore the vocational expert's testimony constitutes *substantial evidence* to support the ALJ's holding despite any omissions in the hypothetical. We thus conclude that the ALJ did not err in either framing the hypothetical question or

relying on the vocational expert's response as substantial evidence of Plaintiff's ability to work.

### III. Conclusion

Despite the difficulties Plaintiff endures as a result of her SPD impairment, the ALJ's decision is supported by *substantial evidence.* We find no reversible errors. Accordingly, we AFFIRM the district court's order upholding the Secretary's denial of SSA disability benefits.

AFFIRMED.