Richard E. **KAPPLER**, Plaintiff,

v.

Donna E. **SHALALA**, Secretary of Health and Human Services, Defendant.

No. 93 C 4034.

United States District Court, N.D. Illinois, E.D.

Jan. 11, 1994.

Stephen D. Tousey, Elgin, IL, for plaintiff.

James Kubik, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Richard Kappler ("Kappler") appeals the final decision of Secretary of the Department of Health and Human Services ("HHS") Donna Shalala ("Secretary") denying his claim for retirement insurance benefits under the Social Security Act ("Act"), 42 U.S.C. § 402(a).[1] Kappler's sole contention is that Secretary wrongly concluded that his birth date was May 7, 1930 rather than May 7, 1929. As is usual in these cases, both Kappler and Secretary have moved for summary judgment under Rule 56. For the reasons stated in this memorandum opinion and order, Secretary's motion for summary judgment is granted and her decision is affirmed, while Kappler's motion is of course denied.

### Facts and Prior Proceedings

Kappler filed for retirement benefits on April 29, 1991, asserting an entitlement to benefits based on a claimed birth date of May 7, 1929 (R. 22–24). Secretary denied his application both initially and then upon reconsideration (R. 27–31) on the ground that Kappler was born on May 7, 1930 and therefore had not yet attained the minimum retirement age of 62.[2] Kappler then requested

---

1. Further citations to the Act's provisions will simply take the form "Section—," using the Title 42 numbering rather than the Act's internal numbering. Pertinent regulations, all from 20 C.F.R. § 404, will be cited "Reg. § —."

2. Under Section 402(a) an individual is entitled to old-age insurance benefits if he or she:

 (1) is a fully insured individual ...,

 (2) has attained age 62, and

(R. 32) a de novo hearing (the "Hearing"), which was held by Administrative Law Judge ("ALJ") John Mondi on March 5, 1992 (R. 76–88). Perhaps the most convenient way to summarize the documents and testimony submitted at the Hearing by Kappler and on his behalf is to set the material out in tabular form, reflecting the date on which each document was recorded or the testimony was given and the birth date that each indicates:

| | Document or Testimony[3] | Date | Age or Date of Birth Recorded |
|---|---|---|---|
| 1. | Baptismal Record (R. 42) | May 28, 1933 | May 7, 1930 |
| 2. | Delayed Birth Certificate (R. 35) | Sept. 17, 1946 | May 7, 1929 |
| 3. | Baptismal Certificate (R. 47) | Mar. 24, 1949 | May 7, 1930 |
| 4. | Discharge from Army (R. 34) | April 1, 1953 | May 7, 1929 |
| 5. | Certificate of Birth of daughter Maureen (R. 72) | May 11, 1955 | 1929 (age 26) |
| 6. | Insurance Application (R. 54) | July 22, 1957 | May 7, 1929 |
| 7. | Certificate of Birth of daughter Cynthia (R. 71) | Jan. 10, 1958 | 1929 (age 28) |
| 8. | Insurance Policy (R. 51–52) | Mar. 7, 1966 | 1929 (age 36) |
| 9. | Hospital Record (R. 66) | Apr. 30, 1979 | 1928 (age 50) |
| 10. | Hospital Record (R. 67–68) | Mar. 13 & 17, 1983 | 1929 (age 53) |
| 11. | Application for Disability Benefits (R. 36–38) | June 26, 1989 | May 7, 1929 |
| 12. | Preinterview Date Report (R. 39–40) | June 26, 1989 | May 7, 1929 & 1930 |
| 13. | Application for Retirement Benefits (R. 22) | April 29, 1991 | May 7, 1929 |
| 14. | Corrected Baptismal Certificate (R. 46) | Aug. 27, 1991[4] | May 7, 1929 |
| 15. | Testimony of Kappler (R. 81) | Mar. 5, 1992 | May 7, 1929 |
| 16. | Testimony of daughter Maureen (R. 83) | Mar. 5, 1992 | May 7, 1929 |
| 17. | Affidavit of wife Eileen (R. 50) | Mar. 16, 1992 | May 7, 1929 |

On June 19, 1992 ALJ Mondi denied Kappler's application, again determining that he was born on May 7, 1930 (R. 7–11). For that decision the ALJ found that the baptismal record (Doc. 1), which gives Kappler's birth date as May 7, 1930, was "preferred evidence" as defined under Reg. § 404.716(a) (R. 10). ALJ Mondi found Doc. 1 to be "controlling" because it was the earliest record and because there was "no convincing evidence" that the birth date it gave was erroneous (id.). After the ALJ's decision, Kappler's request for review by the Appeals Council was denied on May 10, 1993, at which point ALJ Mondi's decision became Secretary's final decision (R. 3–4).

Kappler contends that ALJ Mondi's decision is not supported by substantial evidence because the ALJ improperly considered the baptismal record as "preferred evidence." According to Kappler, that resulted in the ALJ's ignoring the "overwhelming weight of the evidence" supporting a birth date of May 7, 1929.

(3) has filed application for old-age insurance benefits or was entitled to disability insurance benefits for the month preceding the month in which he [or she] attained retirement age....

**3.** Further references to the documents identified in this table will take the form "Doc.—."

4. Doc. 14 is plainly entitled to no weight at all. It was prepared at the request of Kappler's daughter Maureen, who sent a copy of the long-delayed birth certificate (Doc. 2) to the church after Kappler had already filed his application for retirement benefits—and the daughter asked for a "correction" to conform the original baptismal record to the one-year-earlier date.

### Standard of Review

Section 405(g) empowers this Court to affirm, modify or reverse the Secretary's decision, with or without remand for rehearing. For that purpose Section 405(g) provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." As taught by many cases, including the recent reconfirmation in *Cass v. Shalala*, 8 F.3d 552, 555 (7th Cir. 1993):

> Furthermore, this court has stated that in light of our limited jurisdiction we cannot substitute our own judgment for that of the HHS Secretary by reweighing the evidence....

"Substantial evidence" means (*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)):

> more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

"Substantial evidence may be something less than the greater weight or preponderance of the evidence" (*Young v. Secretary of HHS*, 957 F.2d 386, 389 (7th Cir.1992)), and a finding may be supported by substantial evidence even if a reviewing court might have reached a different conclusion (*Delgado v. Bowen*, 782 F.2d 79, 83 (7th Cir.1986) (per curiam)).

### "Preferred Evidence" in This Case

■ It is Kappler's responsibility, as the applicant for retirement benefits, to provide the evidence needed to prove his eligibility (Reg. §§ 404.704, 404.715). Where that evidence is "convincing," it will be accepted and "no other evidence is needed" (Reg. § 404.-708).[5] "Preferred evidence" is effectively presumed to be "convincing" unless there is other "information in our records that raises a doubt about the evidence" (Reg. § 404.709). "Preferred evidence" is defined in this way (Reg. § 404.716(a)):

> The best evidence of your age, if you can obtain it, is either: a birth certificate or hospital birth record recorded before age 5; or a religious record which shows your date of birth and was recorded before age 5.

If no "preferred evidence" is available, Reg. § 404.716(b) calls for the submission of "other convincing evidence."

Kappler R.Mem. 2–3 argues creatively—but entirely incorrectly—that Reg. § 404.-716(a) specifies *three* types of preferred evidence: one, a birth certificate; two, a hospital record recorded before age 5; or three, a religious record that shows the date of birth and was recorded before age 5. On that theory his delayed birth certificate (Doc. 2) recorded on September 17, 1946 (when he was 16 or 17 years old!) should have been considered "preferred evidence," for his reading would eliminate any time requirement for the recording of a birth certificate to confer preferred status on that document. Kappler's argument literally urges that Reg. § 404.716(a) should be rewritten by replacing the word "or" after "birth certificate" with a semicolon followed by the word "a."

But it is not for Kappler (or this Court) to read into existence punctuation that does not exist, to read words into and out of the unambiguous text that Secretary has promulgated, and thus to change the definition of regulations that govern the Act's application. Reg. § 404.716(a) has a plain meaning: Its phrase "recorded before age 5" of the applicant qualifies both "hospital birth record"

---

**5.** Factors considered in deciding if evidence is "convincing" are whether (Reg. § 404.708):

(a) Information contained in the evidence was given by a person in a position to know the facts;

(b) There was any reason to give false information when the evidence was created;

(c) Information contained in the evidence was given under oath, or with witnesses present, or with the knowledge there was a penalty for giving false information;

(d) The evidence was created at the time the event took place or shortly thereafter;

(e) The evidence has been altered or has any erasures on it; and

(f) Information contained in the evidence agrees with other available evidence, including ... records [of the Social Security Administration ("SSA")].

and "birth certificate" (accord, *Webb v. Bowen*, 683 F.Supp. 1319, 1320 (D.Kan.1988)).[6] Because the delayed birth certificate was recorded either 11 or 12 years (depending on what birth date is chosen) after that Regulation-specified watershed, it clearly cannot be accorded the status of "preferred evidence."[7]

■ ALJ Mondi found that Doc. 1, the earliest baptismal record issued by Park View Lutheran Church (the "Church"), was the only piece of "preferred evidence" in the record before him (R. 10). It records that Kappler was born on May 7, 1930 and was baptized on May 28, 1933. In response to a questionnaire sent by HHS (R. 43–45), a Ms. Nettnin at the Church stated that baptisms are entered in Church records "[a]s a person is baptized" (R. 43). That statement is independently (and conclusively) confirmed by the Church's baptismal record (R. 42) itself, which lists some 44 baptisms on the same page in chronological order (the one listed immediately after Kappler's being that of his younger sister on the same May 28, 1933 date).[8] Consequently Doc. 1, as a religious record recorded on a date well before Kappler's fifth birthday (whichever birth date is accurate), unquestionably meets the definition of "preferred evidence."

Kappler Mem. 4–5 argues that there is no indication on the face of Doc. 1 as to when it was recorded. But nothing in Reg. § 404.716(a) specifies that the date of recording can be established only from the face of a document—hence extrinsic evidence may certainly be taken into account. Here Ms. Nettnin's statement about the Church's procedure for recording baptisms as they occur is uncontradicted and (perhaps more importantly) is wholly consistent with the baptismal record itself, and ALJ Mondi was certainly entitled to credit both the statement and the record.

Kappler Mem. 7 questions the reliability of Doc. 1 because its original entry of the day (not the month or the year) was crossed out with a "7" entered next to it. But the ALJ was surely not required to consider that fact as creating enough doubt to dislodge Doc. 1 from its status as preferred evidence. Nothing in the minor initial mistake called into doubt either the baptism's *date of recordation* or (most importantly) the month or *year* of Kappler's birth (see *Suarez v. Bowen*, No. SA–88–CA–392, 1990 WL 265172, at *4–*5 (W.D.Tex. Nov. 16), requiring—and finding on the facts in that case, as is untrue here—numerous and significant inaccuracies for a baptismal certificate to lose its status of "preferred evidence").

### Effect of Other Evidence

■ As already stated, Reg. § 404.709 says that "preferred evidence" will be considered "convincing" and "other evidence of the same fact will not be needed" unless there is "information in our records that raises a doubt about the [preferred] evidence." Was ALJ Mondi required to find that the rest of the record before him raises such a doubt? In terms of sheer numbers, the tabular presentation shows 14 documents or pieces of

---

6. There appear to be no cases from our Court of Appeals or from the Northern District of Illinois addressing Reg. § 404.716(a) in any context.

7. To follow Kappler's suggestion would subvert the very basis upon which "preferred evidence" is given such added weight: the proximity of its creation to the event that it records. Without the age qualification, birth certificates issued long after the event—even based solely on the assertions of the interested applicants made to support their applications for benefits—would influence if not control the determination of claims. That of course is an outcome clearly to be avoided (see *Hermes v. Secretary of HHS*, 926 F.2d 789, 791 (9th Cir.1991), quoting SSA Program Operations Manual System § 00307.540 (which notes the unreliability of Iraqi religious records, in part on the ground that they have been issued not in a regularized manner but "based on the

statements of interested parties")). Relatedly Kappler's position is also really at odds with Reg. § 404.709, which says that "preferred evidence" "will generally" be found "convincing" unless there is information "that raises a doubt about" it. Birth certificates issued long after a birth would on their face have problematic validity, given the fallibility of human memory (to say nothing of other motivations that can enter into the furnishing of information for those long-delayed certificates).

8. At that time the younger sister was just a year old. And the reason for considering such early documents as "preferred evidence" is obvious—is it likely that the parents presenting their two children for baptism would have mistakenly identified their four-year-old son as three years old?

testimony that support a year of birth of 1929 against just three that indicate 1930, and one that suggests 1928. But every document (and all testimony) that supports a May 7, 1929 birth date (with the possible exception of the years-delayed Doc. 2) necessarily rests on Kappler himself as their source. ALJ Mondi found that Kappler believed that he was born on May 7, 1929, but that the belief was "in error" in light of Doc. 1 (R. 10). It follows that all of the support for a 1929 year of birth is just repetitive of Kappler's own mistaken belief, and so it cannot be said to "raise a doubt" as to the accuracy of Doc. 1.

ALJ Mondi properly pointed to Doc. 1 because it was the oldest piece of evidence in the record (R. 10). All of the evidence supporting a 1929 year of birth is much more recent (the earliest is Doc. 2, issued over 13 years after Doc. 1). And Secretary's regulations expressly dictate that "preferred evidence" that is deemed reliable takes precedence over "other evidence" (*Ramirez v. Sullivan*, 771 F.Supp. 169, 172 (E.D.Tex.1991).[9] In light of such convincing evidence as Doc. 1, Secretary could properly reject the other evidence provided by Kappler "as not convincing" (*id.*).[10]

In sum, Doc. 1 is not only the sole piece of "preferred evidence" but is also the earliest record of Kappler's birth date. It was plainly the ALJ's prerogative to accord Doc. 1 the status of "convincing evidence." All that being so, it cannot be disputed that Secretary's decision was supported by substantial evidence.[11]

*Conclusion*

There is no genuine issue of material fact, and Secretary is entitled to a judgment as a matter of law. Because substantial evidence supports Secretary's decision that Kappler's birth date is May 7, 1930, her decision to that effect and her consequent denial of benefits to Kappler are affirmed. Kappler's motion for summary judgment is denied, and this action is dismissed with prejudice.

### JUDGMENT

This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that this Court determines that there is no genuine issue of material fact and defendant is entitled to a judgment as a matter of law. Because substantial evidence supports defendant's decision that plaintiff's birth date is May 7, 1930, her decision to that effect and her consequent denial of benefits to plaintiff are **affirmed**. Plaintiff's motion for summary judgment is **denied** and this action is **dismissed with prejudice.**

---

**9.** *Ramirez* is astonishingly similar to this case, and it too upheld an ALJ's reliance on a baptismal certificate as "preferred evidence" over a host of later-generated documents (including a delayed birth certificate).

**10.** Relying on *Bennett v. Schweiker*, 532 F.Supp. 837, 839–40 (D.D.C.1982), Kappler R.Mem. 1–2 argues that Doc. 2 (the delayed birth certificate) must be given full faith and credit under 28 U.S.C. § 1739. But that does not help Kappler, for "full faith and credit" is shorthand for the same credit that such a document is given under Illinois law—and that merely means prima facie evidence, which means of course that the recitals in the document are subject to rebuttal (410 ILCS § 535/14; *Long v. Long*, 15 Ill.App.2d 276, 283–84, 145 N.E.2d 509, 513 (2d Dist.1957)). Because Reg. §§ 404.701 to 716 provides meth-

ods to assess the credibility of documentary evidence, and because Doc. 1 certainly provides substantial evidence rebutting the birth date stated in Doc. 2, this Court may not substitute its own judgment for Secretary's (*Tindle v. Celebrezze*, 210 F.Supp. 912, 915–16 (S.D.Cal.1962)).

**11.** Based on a document recorded on June 26, 1989 (Doc. 12, R. 39–40) ALJ Mondi also found that Kappler had given a birth date of May 7, 1930 when he applied for a social security card in 1943, but then in 1984 (over 40 years later!) changed the date to May 7, 1929 (R. 10). It is unclear, however, whether ALJ Mondi relied on that as added evidence to support his decision. In any case, Doc. 1 alone supplies substantial evidence to support the ALJ's finding that Kappler's birth date is May 7, 1930.