<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0575n.06

No. 13-3652

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jul 30, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SOKHNA MATY SOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE: COOK and GRIFFIN, Circuit Judges; RICE, District Judge.[*]

PER CURIAM. Sokhna Maty Sow petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her applications for withholding of removal and protection under the Convention Against Torture (CAT). We deny the petition for review.

Sow, a native and citizen of Senegal, entered the United States on September 22, 2003, as a nonimmigrant with authorization to remain for a temporary period not to exceed March 23, 2004. Sow stayed beyond that date. On December 10, 2007, the Department of Homeland Security issued Sow a notice to appear charging her with removability as an alien who has remained in the United States for a time longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). Appearing before an immigration judge (IJ), Sow admitted the factual allegations in the notice to

---

[*]The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

appear and conceded removability as charged. Sow applied for withholding of removal and CAT protection, asserting that she will be forced to undergo female genital mutilation (FGM) if she returns to Senegal. (Sow conceded that an asylum application would be time-barred.) After a merits hearing, which was continued to allow Sow to present more evidence, the IJ denied her applications for withholding of removal and CAT protection and ordered her removal to Senegal, concluding that she and her witness lacked credibility and that she failed to satisfy her burdens of proof. Sow filed an appeal, which the BIA dismissed. This timely petition for review followed.

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id.* Administrative factual findings, including credibility determinations, are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Slyusar v. Holder*, 740 F.3d 1068, 1072-73 (6th Cir. 2014).

Sow's testimony differed from her written application as to the number of her siblings (eight versus two), where she lived in the United States before moving to Michigan (New York versus Chicago), and where her father lived in Senegal (Dakar versus Kolda). Sow attempted to explain these inconsistencies by asserting that she listed in her application only those siblings who had undergone FGM and that her father travels as a merchant and was living in Kolda when she filled out her application. The IJ rejected Sow's explanations, pointing out that she claimed to have gone over her application with a person whom she believed to be a competent interpreter and that she failed to update her application when asked to do so. While Sow's explanations are

plausible, the IJ's rejection of those explanations is not unreasonable. *See Shkabari v. Gonzales*, 427 F.3d 324, 330 (6th Cir. 2005). As the BIA pointed out, Sow's inability to speak Fulani and her fluency in Wolof is inconsistent with her claim of membership in the Peulh ethnic group, some of whose members practice FGM, but is consistent with membership in the Wolof ethnic group, whose members do not practice FGM. Sow asserted that her two stepmothers are Wolof and that her father, who is Peulh, addressed her in Wolof or French. Again, the rejection of Sow's explanation is not unreasonable. *See id*. In her brief, Sow contends that Fulani "is a dialect spoken only by the older generation of the Peulh tribe" and that her last name "clearly denotes that she is a member of the Peulh ethnic group," but fails to cite any record evidence in support of these assertions. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based . . . ."). Sow does not address the testimony of her witness, whom the IJ found to be a "complete fraud." The record does not compel reversal of the adverse credibility determination.

The BIA went on to determine that Sow failed to establish her eligibility for withholding of removal or CAT protection. The U.S. Department of State's country reports for Senegal do not support Sow's claims that she will more likely than not be subject to FGM if she returns. *See Dieng v. Holder*, 698 F.3d 866, 873 (6th Cir. 2012). The country reports indicate that FGM, once practiced widely throughout the country, was made illegal in 1999 and that further efforts to curtail the practice have had a significant effect. According to the FGM report released in 2001, FGM, which most women undergo between the ages of two months and six years, is "hardly practiced at all in the most heavily populated urban areas." A more recent country report states that 4,183 out of an estimated 5,000 communities had formally abandoned the practice and that Tostan, a nongovernmental organization, aimed to end FGM completely by 2015. Sow, an adult

woman with two children who is from the capital city of Dakar, does not fit the demographic of a woman at risk of FGM. *See id*. In support of her claims, Sow cites the forced circumcision of two of her half-sisters, but the record lacks any details about their FGM, such as where or by whom they were circumcised, how old they were, or whether they had any children or were married at the time. *Cf. Seck v. U.S. Att'y Gen*., 663 F.3d 1356, 1367 (11th Cir. 2011) (granting the petition for review where "[n]either the BIA nor the IJ discussed the undisputed evidence of specific family conditions that place [the petitioner and her daughter] in greater danger than what is reflected by the general statistics of the State Department reports"). The record does not compel the conclusion that Sow established eligibility for withholding of removal or CAT protection.

Sow seeks discretionary relief based on her fear that her United States citizen daughter will be subject to FGM if they return to Senegal. Sow did not exhaust this claim before the agency. In fact, Sow asserted in her brief to the BIA that her stated fear for her daughter's safety in Senegal was elicited during an improper ex parte conversation with the IJ and requested its exclusion from the record. We lack jurisdiction to consider this unexhausted claim. *See Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004).

For the foregoing reasons, we deny Sow's petition for review.