NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 21, 2022
Decided February 8, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2164

| | |
|---|---|
| MEGAN GARZA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois. |
| | No. 19-CV-5237 |
| *v.* | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, *Defendant-Appellee*. | Sheila Finnegan, *Magistrate Judge*. |

**O R D E R**

Struggling with depression, anxiety, and back pain, Megan Garza applied for Social Security disability insurance benefits. An administrative law judge found that Garza was not disabled because she could still perform jobs available in the national economy despite her impairments. The district court upheld this decision, and Garza appealed. Because Garza has failed to show an error in the ALJ's decision, we affirm.

I

In September 2016, Megan Garza, 39 years old, applied for disability insurance benefits roughly a week after leaving her job of 17 years doing administrative work for her family's children's book company. She alleged a disability onset date of September 7, 2016, alleging disability due to anxiety, depression, chemical dependency, panic attacks, bipolar disorder, and social anxiety disorder, rendering her unable to work. She has a high school education and lives with her husband and two youngest children.

The Social Security Administration denied Garza's application. A state agency psychologist, David Voss, reviewed Garza's medical records in February 2017 and rated her mental functioning capacity. Dr. Voss concluded that Garza's mental capacity resulted in only moderate and mild limitations. Garza applied for reconsideration and the administration denied that too. Another state agency psychologist, Howard Tin, reviewed Garza's records in August 2017 at the reconsideration stage. Dr. Tin affirmed Dr. Voss's findings, stating that Garza was not severely impaired due to her anxiety and depression and retained the mental capacity to perform routine/repetitive tasks involving simple instructions with limited social demands.

Garza then filed a request for a hearing before an administrative law judge (ALJ). The ALJ denied Garza's claim. Applying the familiar five-step analysis, the ALJ found at step 1 that Garza had no substantial gainful employment since the alleged onset date. The ALJ found at step 2 severe impairments (major depressive disorder, generalized anxiety disorder, substance abuse addiction in remission, and degenerative disc disease of the lumbar spine) and one non-severe impairment (bilateral hearing loss). At step 3 the ALJ found that none of Garza's impairments—in isolation or combined— established a per se disability. At step 4 the ALJ found Garza retained the ability to perform light work, as defined in 20 C.F.R. § 404.1567(b), with some limitations, and that with this residual functioning capacity (RFC), she could not perform her past relevant work. At step 5, based on the testimony of the vocational expert, the ALJ concluded that a person of Garza's age, education, and work experience with Garza's RFC—including her limitations the ALJ identified—could perform numerous jobs available in the national economy, so she was not disabled. The Appeals Council then rejected Garza's request for review, and Garza filed for administrative review in the Northern District of Illinois. The magistrate judge, acting with the parties' consent under the authority of 28 U.S.C. § 636(c), upheld the earlier decisions. This appeal followed.

II

We review the magistrate judge's decision de novo, but apply a deferential standard to the ALJ's decision, reversing only if the ALJ's decision is not supported by substantial evidence or is the result of legal error. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted).

First, Garza argues the ALJ erred at steps 2 and 3 of the analysis. But she did not raise either of these arguments below, and arguments made for the first time on appeal are waived. *Jeske v. Saul*, 955 F.3d 583, 597 (7th Cir. 2020) (citing *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) (applying the general rule that "issues that are not raised before the district court are waived on appeal" to a claimant appealing the district court's decision regarding disability benefits under the Social Security Act). Because Garza failed to make any arguments regarding errors at step 2 or step 3 before the district court, both are waived on appeal.

Even if these arguments were not waived, we have no basis to find that the ALJ erred at either of these steps. At step 2, the ALJ must determine whether the claimant has a severe impairment (or combination of impairments). *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010). A finding at this step is merely "a threshold issue." *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). So long as the ALJ finds *one* severe impairment, the ALJ is obligated to move on to the remaining steps in the five-step analysis, where he considers "the entire constellation of ailments." *Castile*, 617 F.3d at 926–27 (quoting *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)). Here, the ALJ found several severe impairments, including major depressive disorder, generalized anxiety disorder, substance abuse addiction in remission, and degenerative disc disease of the lumbar spine. This finding satisfied the threshold requirement for step 2. After finding one severe impairment, the ALJ was obligated to move through the remaining analysis, as he did.

Likewise, Garza provides no reason for us to find that the ALJ's determination at step 3 was erroneous. A finding at step 3 that a claimant is per se disabled under a listed impairment is a very high bar and requires that the claimant meet or equal all of the criteria specified in a listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). The ALJ concluded that Garza did not meet listings 1.04 (disorders of the spine), 12.04 (depression), or 12.06 (anxiety). Garza contends that the ALJ erred by failing to consider evidence that shows she meets these listings. But at oral argument, Garza was unable to point us to any evidence in the record that the ALJ overlooked. See *Gross v. Town of*

*Cicero, Ill.*, 619 F.3d 697, 703 (7th Cir. 2010) (stating that we do not consider a parties' factual assertions "that lack direct citation to easily identifiable support in the record"). And the ALJ does not err when he does not discuss every piece of evidence in the record in explaining his determinations. See *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004) ("We have long held that an ALJ is not required to provide a complete written evaluation of every piece of testimony and evidence.") (quotation omitted).

Next, Garza contends that the ALJ erred at step 5 in finding that Garza could work in available jobs, including laundry folder, house cleaner, and mail clerk. She argues that her limitations make it impossible for her to work in any job in the national economy. But she does not contest that the vocational expert, whose testimony the ALJ relied on to find that jobs were available for someone with Garza's RFC, heard a summary of Garza's limitations before making her recommendation. See *Cass v. Shalala*, 8 F.3d 552, 555–56 (7th Cir. 1993) (stating that the questions posed to the vocational expert should incorporate all of the claimant's limitations from the medical record). And Garza makes no argument against using the vocational expert's testimony and designates no evidence contradicting it. See 20 C.F.R. § 404.1566(e); *Biestek*, 139 S. Ct. at 1155 (stating that a vocational expert's testimony can constitute substantial evidence supporting an ALJ's finding at step 5). So the ALJ was permitted to rely on the vocational expert's testimony as substantial evidence of Garza's ability to work in other jobs available in the national economy.

Last, Garza argues that the ALJ overlooked facts in the record. Garza's argument is vague and mentions only one fact that the ALJ may have overlooked: her opioid abuse disorder, when determining her RFC. First, Garza's meager treatment of this argument constitutes waiver. See *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (such a "skeletal 'argument', really nothing more than an assertion, does not preserve a claim"). Garza provides no citation to the record to support this argument. In fact, the record states that Garza is in remission for an opioid addiction. Regardless, the ALJ did not ignore Garza's addiction in assessing her RFC. The ALJ considered Garza's addiction and depressive disorders and her remission from prior substance abuse following treatment in making his RFC determination. Admin. R. at 19 (Exhibit 3) ("The record shows that … she was addicted to pain medication about two and a half years ago … [and] does not indicate that the claimant had any further issues with opioid abuse. … [H]er mental impairments [] are present regardless of the claimant's opioid abuse disorder.").

AFFIRMED